THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

03 12522

| | |
|---|---|
| THE GEM GROUP, INCORPORATED, d/b/a GEMLINE, | )<br>)<br>) MAGISTRATE JUDGE Collings |
| Plaintiff, | ) |
| v. | ) Civil Action No. |
| NOVA INTERNATIONAL, LTD., | ) |
| Defendant. | ) |

AMOUNT $150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
12/16/03

## COMPLAINT AND JURY DEMAND

Plaintiff, The Gem Group, Incorporated, d/b/a Gemline, for its complaint against defendant, Nova International, Ltd., alleges that:

1. Plaintiff, The Gem Group, Incorporated, d/b/a Gemline ("Gemline"), is a Massachusetts corporation, having its principal place of business at 9 International Way, Lawrence, Massachusetts 01841.

2. On information and belief, Defendant, Nova International ("Nova"), is a Connecticut corporation, having its principal place of business at 44 Clearview Drive, Brookfield, Connecticut 06804.

### COUNT I - PATENT INFRINGEMENT

3. This is an action arising under the Patent Laws of the United States, Title 35, United States Code. This Court has jurisdiction of the subject matter hereof under the provisions of Title 28, United States Code, Section 1338(a). Venue in this judicial district is proper under the provisions of Title 28, United States Code, Section 1400(b).

4. Gemline is the owner of the entire right, title and interest in and to United States Patent No. Des. 421,526, entitled "Portfolio With Exterior Pocket", duly and legally issued on March 14, 2000 to Jonathan G. Isaacson. A copy of that patent is attached as Exhibit A.

5. Nova has been and is still infringing United States Patent No. Des. 421,526, in this judicial district and elsewhere in the United States, by making, using or selling its portfolio products, including but not limited to the NOVAHIDE ZIPPERED PORTFOLIO and POLY-TECH ZIPPERED PORTFOLIO, which are covered by the patent.

6. On information and belief, Nova's infringement of said patent has been and continues to be willful, wanton and deliberate, without license and with full knowledge and awareness of Gemline's patent rights.

7. Unless enjoined by this Court, Nova will continue such acts of infringement to Gemline's substantial and irreparable damage.

## COUNT II - SECTION 43(a) OF LANHAM ACT

8. Gemline incorporates the allegations contained in paragraphs 1-7 above, as if fully repeated herein.

9. This claim for relief arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

10. Since 1998, Gemline has manufactured and sold a unique zippered portfolio products under the trademarks QUADRIFOLIO® and QUADRAFOLD®.

11. Gemline's QUADRIFOLIO® and QUADRAFOLD® zippered portfolios have numerous distinctive features which are non-functional. These distinctive features combined to give the QUADRIFOLIO® and QUADRAFOLD® zippered portfolios a distinctive trade dress which purchasers have come to associate with Gemline.

12. Nova has promoted and sold, and continues to promote and sell, in this judicial district and elsewhere in the Untied States, portfolio products, including but not limited to the NOVAHIDE ZIPPERED PORTFOLIO and POLY-TECH ZIPPERED PORTFOLIO, with many non-functional features which are substantially similar to and copied from those in Gemline's previously marketed QUADRIFOLIO® and QUADRAFOLD® zippered portfolios.

13. On information and belief, Nova has willfully and intentionally copied and imitated the distinctive trade dress of Gemline's QUADRIFOLIO® and QUADRAFOLD® zippered portfolios by selling and distributing an imitation thereof, and in so doing, Nova has falsely described and represented its product by creating the false impression of an affiliation, endorsement by, or other connection with Gemline.

14. Nova's actions are likely to cause confusion or mistake or to deceive the public as to the source and quality of Nova's products, and violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

15. Unless enjoined by this Court, Nova will continue its actions in violation of Section 43(a) of the Lanham Act to Gemline's substantial and irreparable damage.

## COUNT III - M.G.L.A. c. 93A

16. Gemline incorporates the allegations contained in paragraphs 1-15 above, as if fully repeated herein.

17. At all relevant times, Gemline and Nova were, and continue to be, engaged in the conduct of trade or commerce in the Commonwealth of Massachusetts, within the meaning of M.G.L.A. c. 93A, § 11.

18. Nova's conduct in copying Gemline's QUADRIFOLIO® and/or QUADRAFOLD® zippered portfolios, and distributing an imitation thereof, constitutes unfair or deceptive acts or practices in the conduct of trade, in violation of M.G.L.A. c. 93A § 11.

19. On information and belief, the unfair or deceptive acts or practices of Nova have been and continue to be committed willfully and knowingly by Nova.

20. As a result of Nova's unfair or deceptive acts or practices, Gemline has been and continues to be injured.

21. Unless enjoined by this Court, Nova will continue its actions in violation of M.G.L.A. c. 93A, § 11, to Gemline's substantial and irreparable damage.

## COUNT IV - COMMON LAW UNFAIR COMPETITION

22. Gemline incorporates the allegations contained in paragraphs 1-21 above, as if fully repeated herein.

23. Nova has knowingly and intentionally engaged in unfair competition with Gemline under the common law of the Commonwealth of Massachusetts by selling and distributing an imitation of Gemline's QUADRIFOLIO® and QUADRAFOLD® zippered portfolios with the intent of receiving the benefit of Gemline's investment, good will and reputation in the industry. Nova's wrongful copying of Gemline's distinctive trade dress for its QUADRIFOLIO® and QUADRAFOLD® zippered portfolios gives Nova's portfolio products, including but not limited to the NOVAHIDE ZIPPERED PORTFOLIO and POLY-TECH ZIPPERED PORTFOLIO, a salability that it would not otherwise have, all at Gemline's expense.

24. Unless enjoined by this Court, Nova will continue its acts of unfair competition, to Gemline's substantial and irreparable damage.

WHEREFORE, Gemline demands judgment as follows:

A. preliminarily and permanently enjoining and restraining Nova, its officers, directors, employees, agents, servants, successors and assigns, and any and all persons acting in privity or in concert with it, from:

(1) making, using and selling portfolio products, including but not limited to the NOVAHIDE ZIPPERED PORTFOLIO and POLY-TECH ZIPPERED PORTFOLIO, and/or any other portfolio products which infringe United States Patent No. Des. 421,526;

(2) making, advertising, offering for sale, selling or distributing portfolio products, including but not limited to the NOVAHIDE ZIPPERED PORTFOLIO and POLY-TECH ZIPPERED PORTFOLIO, and/or any other portfolio products which are confusingly similar to, or which copy the distinctive trade dress of, Gemline's QUADRIFOLIO® and QUADRAFOLD® zippered portfolios; and

(3) otherwise competing unfairly with Gemline in any manner, including but not limited to, using unfair or deceptive acts or practices in violation of M.G.L.A. c. 93A, § 11.

B. assessing against Nova and awarding to Gemline damages sufficient to compensate Gemline for Nova's infringement of said patent and trade dress and unfair competition, and conducting an accounting to determine such damages;

C. increasing such damages to three times the amount found or assessed;

D. awarding to Gemline its costs and disbursements in this action, including reasonable attorney's fees; and

E. granting to Gemline such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Gemline demands a trial by jury on all issues triable of right by a jury which are raised for determination by this Complaint.

THE GEM GROUP, INCORPORATED, d/b/a GEMLINE

By Its Attorneys,

Dated: 2/16/03

John L. Capone, Esq. (BBO # 656,150)
Duane H. Dreger, Esq. (BBO # 655,260)
Cesari and McKenna, LLP
88 Black Falcon Avenue, Suite 271
Boston, Massachusetts 02210
(617) 951-2500

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served by hand on the offices of:

>Frederick C. Mills, Jr. Resident Agent for
>NOVA INTERNATIONAL, LLC.
>45 Alan Road
>Danbury, CT 06810

and by regular mail to:

>NOVA INTERNATIONAL, LLC.
>44 Clearview Drive
>Brookfield, CT 06804

Date: 12/16/03                              _____